# UNPUBLISHED

## UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

### No. 21-1042

ANA YESSELI PINEDA-RAMOS,

    Petitioner,

  v.

MERRICK B. GARLAND, Attorney General,

    Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted: March 31, 2022        Decided: April 26, 2022

Before KING, AGEE, and HEYTENS, Circuit Judges.

Petition granted in part, vacated and remanded by unpublished per curiam opinion.

**ON BRIEF:** Nash Fayad, FAYAD LAW, P.C., Richmond, Virginia, for Petitioner. Brian Boynton, Acting Assistant Attorney General, Jonathan Robbins, Senior Litigation Counsel, Dana M. Camilleri, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Petitioner Ana Yesseli Pineda-Ramos is a citizen of Honduras who was ordered removed from the United States. Fearing return to Honduras because members of a gang called Los Ardones had approached her at school, tried to force her to sell drugs, threatened to use her as a prostitute, and twice attempted to kidnap her, Pineda-Ramos applied for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). The immigration judge rejected each claim. The Board of Immigration Appeals agreed, concluding that—on her asylum and withholding claims—Pineda-Ramos had failed to show the required nexus between her proposed particular social group and the harm she feared. The Board also rejected Pineda-Ramos's CAT claim (which has no nexus requirement, see 8 C.F.R. § 1208.16–18) because she "never reported the threats or attempted kidnappings to police, as she was afraid of retaliation from gang members she believes are connected to the police." AR 3.

We have thoroughly reviewed the record and conclude the agency's nexus decision is supported by substantial evidence and the record does not compel a contrary result. See *INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992). We therefore deny the petition for review on that issue.

We cannot, however, uphold the Board's decision on Pineda-Ramos's CAT claim. Our recent en banc decision in *Portillo Flores v. Garland*, 3 F.4th 615, 635, 637 (4th Cir. 2021), confirmed that the Board may not apply "a per se reporting requirement" to reject CAT claims. Because the Board relied only on just such a requirement when rejecting Pineda-Ramos's CAT claim, we grant the petition for review on that issue, vacate the

2

Board's decision, and remand for further proceedings not inconsistent with this opinion or

*Portillo Flores*.

*PETITION GRANTED IN PART;*
*VACATED AND REMANDED*
